**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4009**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

NATHANE JOHN BLACKMON, a/k/a Nathan Blackmon,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:11-cr-00231-F-2)

_____

Submitted:  December 22, 2016       Decided:  January 9, 2017

_____

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, First Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathane John Blackmon appeals the district court's order revoking his supervised release and sentencing him to 24 months' imprisonment. Finding no reversible error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" Id. (quoting United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006)). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Sentencing Guidelines' Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. See 18 U.S.C. § 3583(e) (2012); Thompson, 595 F.3d at 546-47.

Blackmon claims that his sentence is procedurally unreasonable because the district court failed to explain adequately its reasons for imposing a 24-month sentence, which equaled the statutory maximum and exceeded the applicable Sentencing Guidelines' advisory policy statement range. Having reviewed the record, we find that the district court's

2

explanation of this sentence, although brief, was sufficient under the circumstances. <u>See</u> <u>Thompson</u>, 595 F.3d at 547 (discussing standard). We therefore conclude that Blackmon's sentence is not plainly unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>